IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES WINDING          PETITIONER

V.          CAUSE NO. 3:25-CV-00042-SA-JMV

CHRIS LOGAN          RESPONDENT

ORDER TRANSFERRING CASE TO
THE FIFTH CIRCUIT COURT OF APPEALS

On or about February 6, 2025, James Winding filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction(s) in the Adams County Circuit Court, Mississippi, for kidnapping and sexual battery. Doc. #1. The petitioner has filed at least one unsuccessful § 2254 petition concerning the same conviction(s) and sentence(s) which he now seeks to challenge. *See Winding v. King, et al.*, No. 5:05-cv-00178-DCB-MTP, Doc. # 53 (dismissing action with prejudice as procedurally defaulted).

Moreover, on January 10, 2023, the Fifth Circuit sanctioned Petitioner $500 and ruled that he is:

> BARRED from filing, in . . . any court subject to this court's jurisdiction, any pleading based, in whole or in part, on his kidnapping and sexual battery convictions and sentences until the sanction is satisfied. In the event that [Petitioner] satisfies the $500 sanction, he shall remain BARRED from filing, in . . . any court subject to this court's jurisdiction, any pleading based, in whole or in part, on his kidnapping and sexual battery convictions and sentences, unless he first obtains leave of the court in which he seeks to file such challenge.

*In re: Winding*, No. 22-90065 (5th Cir. Jan. 10, 2023). Petitioner submitted a filing entitled "Notice of Fifth Circuit Sanction Has been Satisfied $500.00 paid in full (see) USCA No. 22-90065" which includes an exhibit of correspondence from the Fifth Circuit advising that a money order in the amount of $250.00 was returned "at the direction of pro se inmate James Winding as there is no additional sanction to be paid." *See* Doc. # 5. Petitioner apparently believes this indicates that he has paid the aforementioned sanction in full. As it remains unclear whether

Petitioner has satisfied his obligation in paying the Fifth Circuit's sanction, the Court finds it appropriate to transfer this cause for review.

Even assuming, *arguendo*, that Petitioner has paid the sanction in full, the Court finds that a transfer would still be appropriate. The Antiterrorism and Effective Death Penalty Act provides that before a district court may consider a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained such authorization. Rather than dismissing his petition on this basis, the Fifth Circuit has allowed district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is hereby ORDERED:

1. That this petition is TRANSFERRED to the Fifth Circuit Court of Appeals for the petitioner to seek permission to file this successive § 2254 petition;

2. That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(C), and *In re Epps*, 127 F.3d at 365;

3. That the prior order [Doc. # 9] transferring this action to the Southern District of Mississippi is hereby RESCINDED; and

4. That this case remains CLOSED.

This, the 11th day of February, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE